10-4791-cr
United States v. Torres

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED
BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.
WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY
MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE
NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY
OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated Term of the United States Court of Appeals for the Second Circuit, held at the
Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York,
on the 1st day of February, two thousand twelve

Present:        JOHN M. WALKER, JR.,
                PIERRE N. LEVAL,
                ROSEMARY S. POOLER,
                        *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                                        *Appellee*,

                -v-                                             10-4791-cr

SERGIO TORRES,

                                        *Defendant-Appellant*.[1]

_____

Appearing for Appellee:         H. Gordon Hall, Robert M. Spector (of counsel), Assistant United
                                States Attorneys, *for* David B. Fein, United States Attorney for the
                                District of Connecticut.

Appearing for Appellant:        Frank J. Riccio II, Frank J. Riccio, Law Offices of Frank J. Riccio
                                LLC, Bridgeport, C.T.

Appeal from the United States District Court for the District of Connecticut  (Thompson, *J.*).

_____

        [1]We direct the Clerk of Court to amend the official caption of this case to reflect the
parties' designations herewith.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Sergio Torres pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A). He was sentenced principally to 235 months' imprisonment. He appealed, and this court issued a summary affirmance on October 8, 2004. We withheld the mandate, however, anticipating a decision in *United States v. Booker*, 543 U.S. 220 (2005). After our decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), the government moved for, and this court granted, a limited remand for the district court to consider the effect, if any, of *Booker* on its sentence. On October 25, 2010, the district court held that it would have imposed the same sentence on Torres had the Guidelines been advisory and so declined to resentence him. Torres now appeals his sentence, asserting that the district court's decision to not resentence him was procedurally and substantively unreasonable, due mainly to its findings as to drug quantity and leadership role in the offense. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"[W]e review a sentence for reasonableness even after a District Court declines to resentence pursuant to *Crosby.*" *United States v. Williams*, 475 F.3d 468, 474 (2d Cir. 2007). Torres argues primarily on appeal that the district court was in error in determining that he was responsible for between 50 and 150 kilograms of cocaine under U.S.S.G. § 2D1.1(c)(2) and that he was a leader of a conspiracy involving more than five participants under U.S.S.G. § 3B1.1(a). Torres has, however, waived any arguments arising from these findings. First, "the law of the case doctrine ordinarily will bar a defendant from renewing challenges to rulings made by the sentencing court that were adjudicated by this Court—or *that could have been adjudicated by us had the defendant made them*—during the initial appeal that led to the *Crosby* remand." *Williams*, 475 F.3d at 475 (emphasis added). Torres has had one appeal. The drug quantity finding and the leadership role were precisely the sort of objections that Torres could have raised pre-*Booker,* and his failure to do so means that we will not hear them now.

Even if Torres had not waived his objections to these findings at the level of our court, he could not have done so more clearly below. "[W]aiver is the intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (internal quotation marks omitted). In our circuit, "[t]he law is well established that if, as a tactical matter, a party raises no objection to a purported error, such inaction constitutes a true waiver which will negate even plain error review. A finding of true waiver applies with even more force when, as in this case, defendants not only failed to object to what they now describe as error, but they actively solicited it, in order to procure a perceived sentencing benefit." *United States v. Quinones*, 511 F.3d 289, 321 (2d Cir. 2007) (internal citations and quotation marks omitted); *see also United States v. Quintieri*, 306 F.3d 1217, 1229 (2d Cir. 2002) ("[W]e conclude that the law of the case ordinarily prohibits a party, upon resentencing or an appeal from that resentencing, from raising issues that he or she waived by not litigating them at the time of the initial sentencing."). Based on the record before us, it could not be more apparent that appellant below made an intentional relinquishment or abandonment of any challenges he might have had to the quantity or role finding. The record reflects that the district court went above and beyond its obligation to be sure that appellant thoroughly understood what he was doing when he waived his objection to those findings. The court repeatedly and carefully

2

explained the findings to appellant,  gave him ample time to discuss with his counsel in the courtroom, made certain at every possible turn that appellant was knowingly and voluntarily waiving his objections, and even gave an adjournment so that appellant would have sufficient time to consider his options.  It was in this context that appellant and his counsel repeatedly confirmed to the court that any objection to the findings were waived, and so we find those arguments waived now. The district court's original sentence and its determination that it would not have imposed a materially difference sentence under *Booker* and *Crosby* was neither procedurally nor substantively unreasonable.

We have examined the remainder of appellant's arguments and find them to be without merit.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3